**B1040 (FORM 1040) (12/15)**

| **ADVERSARY PROCEEDING COVER SHEET**<br>(Instructions on Reverse) | **ADVERSARY PROCEEDING NUMBER**<br>(Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>624 Art Holdings, LLC | **DEFENDANTS**<br>David Hill |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Sam P. Israel, P.C.<br>180 Maiden Lane, 6th Fl, New York NY 10038<br>T: (646) 787-9880 | **ATTORNEYS** (If Known)<br>DelBello Donnellan LLP<br>One North Lexington Ave, White Plains, NY 10601<br>(914) 681-0200 |
| **PARTY** (Check One Box Only)<br>☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☒ Creditor    ☐ Other<br>☐ Trustee | **PARTY** (Check One Box Only)<br>☒ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor    ☐ Other<br>☐ Trustee |
| **CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)<br>Objection to dischargeability of claim under 11 USC SS 523(a)(2), (4), and (6). ||

| **NATURE OF SUIT** ||
|---|---|
| (Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.) ||
| **FRBP 7001(1) – Recovery of Money/Property**<br>☐ 11-Recovery of money/property - §542 turnover of property<br>☐ 12-Recovery of money/property - §547 preference<br>☐ 13-Recovery of money/property - §548 fraudulent transfer<br>☐ 14-Recovery of money/property - other<br><br>**FRBP 7001(2) – Validity, Priority or Extent of Lien**<br>☐ 21-Validity, priority or extent of lien or other interest in property<br><br>**FRBP 7001(3) – Approval of Sale of Property**<br>☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)<br><br>**FRBP 7001(4) – Objection/Revocation of Discharge**<br>☐ 41-Objection / revocation of discharge - §727(c),(d),(e)<br><br>**FRBP 7001(5) – Revocation of Confirmation**<br>☐ 51-Revocation of confirmation<br><br>**FRBP 7001(6) – Dischargeability**<br>☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims<br>☒ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud<br>☒ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny<br>**(continued next column)** | **FRBP 7001(6) – Dischargeability (continued)**<br>☐ 61-Dischargeability - §523(a)(5), domestic support<br>☒ 68-Dischargeability - §523(a)(6), willful and malicious injury<br>☐ 63-Dischargeability - §523(a)(8), student loan<br>☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)<br>☐ 65-Dischargeability - other<br><br>**FRBP 7001(7) – Injunctive Relief**<br>☐ 71-Injunctive relief – imposition of stay<br>☐ 72-Injunctive relief – other<br><br>**FRBP 7001(8) Subordination of Claim or Interest**<br>☐ 81-Subordination of claim or interest<br><br>**FRBP 7001(9) Declaratory Judgment**<br>☐ 91-Declaratory judgment<br><br>**FRBP 7001(10) Determination of Removed Action**<br>☐ 01-Determination of removed claim or cause<br><br>**Other**<br>☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*<br>☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case) |
| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
| ☐ Check if a jury trial is demanded in complaint | Demand  $ 1,653,296.00 |
| Other Relief Sought ||

**B1040 (FORM 1040) (12/15)**

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES ||||
|---|---|---|---|
| NAME OF DEBTOR<br>David Hill ||| BANKRUPTCY CASE NO.<br>17-12248 (CGM) |
| DISTRICT IN WHICH CASE IS PENDING<br>SDNY || DIVISION OFFICE | NAME OF JUDGE<br>CGM |
| **RELATED ADVERSARY PROCEEDING (IF ANY)** ||||
| PLAINTIFF | DEFENDANT || ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING || DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br><br>/s/Sam P. Israel (SPI 0270) ||||
| DATE<br><br>November 13, 2017 ||| PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br><br>Sam P. Israel |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

Sam P. Israel, P.C.
180 Maiden Lane, 6th Floor
New York, NY 10038
T: (646) 787-9880 | F: (646) 787-9886
E: admin@spi-pc.com
*Counsel for 624 Art Holdings, LLC*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------------------------------x
In re:

David Hill,                                                                    Case No.: 17-12248 (CGM)
                                                                               Chapter 13 Case

                          Debtor.
---------------------------------------------------------------------x
624 Art Holdings, LLC,
                                                                               Adv. Pro. No.: _____

                          Plaintiff,

      -against-

David Hill,

                          Defendant.
---------------------------------------------------------------------x

**COMPLAINT OBJECTING TO DISCHARGEABILITY OF DEBT**
**PURSUANT TO 11 U.S.C. § 523**

624 Art Holdings, LLC ("**AHL**" or "**Plaintiff**"), by and through its undersigned counsel, Sam P. Israel, P.C., as and for its complaint against David Hill ("**DH**" or the "**Debtor**"), respectfully alleges the following, upon information and belief:

**NATURE OF THIS ACTION**

1.    On August 10, 2017, AHL was awarded summary judgment against David Hill for over $1.6 million stemming from DH's adjudged liability under DCL § 273, 273-a, 274, 275, and 276 for fraudulent conveyances with respect to funds and assets taken from his father James Hill and employer, Berry-Hill Galleries, Inc., both of whom are judgment-debtors of AHL. The decision and order were issued by the Honorable Charles

1

E. Ramos, from the bench during the August 10, 2017 proceeding captioned *624 Art Holdings, LLC v. Hill, et al.*, No. 652835/2015 (Sup. Ct. N.Y. County, 2015) (the "**Fraud Case**"). The State Court's findings and rulings that were issued from the bench on Plaintiff's summary judgment motion and after two years of litigation in the Fraud Case (*see* **Ex. C**) have a preclusive effect and satisfy the elements of the claims under 11 U.S.C. §§ 523 (a) (2), (4) and (6).[1]

2. Four days after the decision was rendered, but before it was entered on the docket, the Debtor filed a voluntary petition for relief pursuant to Chapter 13 of Title 11 of the United States Code (the "**Bankruptcy Code**"), in which DH intentionally omitted from his schedules that his debt to AHL was no longer subject to dispute, and that it had been liquidated pre-petition in the sum of **$1,653,296.00** (not including the costs, interest, attorney's fees).

## JURISDICTION AND VENUE

3. This Court has jurisdiction over the subject matter of this proceeding pursuant to 28 U.S.C. §§ 157, 1331 and 1334, and Section 523 of the Bankruptcy Code, as well as Rules 4007 and 7001 of the Federal Rules of Bankruptcy Procedure.

4. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(I), over which the Court has jurisdiction.

---

[1] *See In re Deutsch*, Nos. 15-13369 (MG), 16-01216 (MG), 2017 Bankr. LEXIS 3649, at *2 (Bankr. S.D.N.Y. Oct. 18, 2017) (emphasizing that the state court's findings of fact and conclusions of law that the debtor engaged in fraudulent conduct are given preclusive effect and therefore the debts which arose from that conduct are not dischargeable); *In re Taylor*, 233 B.R. 639 (S.D.N.Y. 1999) (reversing bankruptcy court's decision on appeal and holding that the debtor cannot contest the specific sums awarded to plaintiff in an oral decision issued from the bench in a state court action; also finding no "New York case authority supporting Mr. Taylor's strained argument that the oral decision of Justice Diamond itself could confer no rights upon Ms. Taylor"); *accord*. *In re Capgro Leasing Assocs.*, 169 B.R. 305 (Bankr. E.D.N.Y. 1994) (a decision made prior to, but not recorded and entered until after the automatic stay is in effect is still final for res judicata purposes in a bankruptcy court); *Teachers Ins. and Annuity Ass'n v. Butler*, 803 F.2d 61 (2d Cir. 1986) ("Although the judgment did not become final for purposes of appealability until February 6, 1986 when it was entered on the docket--after the automatic stay in bankruptcy had come into effect on January 31st--the judgment was nevertheless final for res judicata purposes."); *accord. Bonilla v. Trebol Motors Corp.*, 150 F.3d 77 (1st Cir. 1998*)*. Here, Justice Ramos' pre-petition decision and order issued from the bench have preclusive effect.

2

5. This adversary proceeding is commenced pursuant to Rule 4007 and 7001 of the Federal Rules of Bankruptcy Procedure and 11 U.S.C. §§ 523(a)(2), (4), and (6).

6. Venue of this action is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## PARTIES

7. AHL is a Delaware limited liability company maintaining offices at 599 Lexington Avenue, New York, NY 10022. AHL is a judgment-creditor of James Hill (Debtor's father) and Berry-Hill Galleries, Inc. ("**BHG**")—a closely-held corporation, owned in part by DH, in which DH also has served as "President", principal and officer. On July 30, 2014 AHL recorded a money judgment against BHG and James Hill in the amount of $3,156,742.35 (together with the accruing interest) in the action captioned *624 Art Holdings, LLC v. Berry-Hill Galleries, Inc., et al.*, No. 650045/2011 (Sup. Ct., N.Y. County 2011) (Kornreich, J.). The Plaintiff remains a judgment-creditor of James Hill and BHG (the "**Judgement-Debtors**") for the entire sum of the judgment, none of which has been paid to date.

8. David Hill is an individual residing at 178 East 80th Street, Apt. 15-C, New York, NY 10017. *See* ECF Doc. 1. The Debtor holds approximately 8% ownership interest in BHG.

## FACTUAL BACKGROUND

*AHL Obtains a $3 Million Money Judgment Against BHG and James Hill.*

9. During AHL's business dealings with the Judgment-Debtors and throughout the arbitration proceedings, James Hill and his son, DH, owned and operated BHG, a then-prestigious art gallery in Manhattan. The Judgment-Debtors owned the gallery's underlying real estate (a duplex space on the upper east side of Manhattan), a collection of hundreds of artworks worth millions of dollars, antique furniture and various real estate assets located in New York State.

3

10.     On April 1, 2014, AHL received an arbitration award against the Judgment-Debtors based upon the arbitrator's finding that, among other things, James Hill and BHG converted AHL's artwork, misappropriated the proceeds from sales of AHL's assets, fraudulently induced a sale of a forgery and a damaged painting, and willfully breached their fiduciary duties to AHL. *See* **Exhibit A** (publicly-filed arbitration award in *In the Matter of 624 Art Holdings, LLC v. Berry-Hill Galleries, Inc., et al.*, AAA No. 13 180 Y 01522 12 (2014) (Strick, Arb.)).

11.     AHL's award of $3,086,843.65 in damages was confirmed by the court in *624 Art Holdings, LLC v. Berry-Hill Galleries, Inc.*, et al., No. 650045/2011 (Sup. Ct., N.Y. County 2011) (Kornreich, J.). On July 30, 2014, AHL recorded its final money judgment of $3,156,742.35. *See* **Exhibit B** (the "**Judgment**").

12.     During the time of the Judgment-Debtors' fraudulent misconduct, the Debtor was employed as President of BHG and held an 8% ownership interest in the Judgment-Debtor.

13.     The Debtor ostensibly has retained his position at BHG even as he founded another company, Do Buy, LLC ("**DBL**")[2] that served as a vehicle through which the Debtor would come to derive income by way of fraudulent conveyances of cash from BHG and/or James Hill.

*AHL Discovers the Debtor's Fraudulent Conveyances Scheme and Brings Legal Action.*

14.     After AHL's money Judgment (Ex. B) was docketed, the Judgment-Debtors failed to make any payments in satisfaction of the Judgment against them and instead evaded and thwarted AHL's collection efforts. Thus, the Plaintiff was forced to undertake expensive post-judgment discovery in order to identify and locate the Judgment-Debtors' assets.

15.     In the course of AHL's post-judgment discovery, the Plaintiff discovered that the Judgment-Debtors concealed or dissipated all of their *known* assets, including

---

[2] DBL is currently a Chapter 7 debtor, having filed its petition one month after DH, on September 13, 2017. *See In re: Do Buy, LLC*, Index No. 17-12559 (Bankr. S.D.N.Y. Sept. 13, 2017) (CGM).

4

proceeds from sales of real estate, numerous valuable artworks, antiques, and cash. The Debtor and his wholly-owned company, DBL, were the recipients of these conveyances.

16. In fact, AHL would come to discover that virtually all of the Judgment-Debtors' assets were secreted and fraudulently conveyed to James Hill's immediate family members and owners of BHG, namely James Hill's wife, Nancy Hill and son, David Hill. Certain funds were transferred directly, in lump sum amounts, to the Debtor and Nancy Hill, disguised as purported loan repayments but bereft of any documentation or attributes of a valid loan.

17. As AHL would come to discover, James Hill, Nancy Hill and David Hill (the "**Hill Family**") formed a network of closely-held, affiliated corporate entities (including DBL) on the eve of the Judgment, and used those entities to funnel and launder cash taken from the Judgment-Debtors, which belonged to AHL. For instance, by and through this web of transfers, James and Nancy Hill managed to pay $9,000 per month in rent to continue living their lavish life styles, while paying nothing on the Judgment.

18. As part-owner and President of BHG, the Debtor is an insider with control over the company's books, records and finances. David Hill had used his position of authority to conceal BHG's financial records from AHL, intentionally failed to maintain up-to-date books and records and failed to file corporate tax returns for years leading up to and after AHL had obtained its Judgment—that is, from approximately 2010 until present. During this time, the Debtor authorized and facilitated transfers of cash from BHG to himself and his mother either directly or through the Hill Family's network of corporate affiliates, rendering BHG judgment-proof.

19. As part of his efforts, the Debtor formed DBL—a Delaware limited liability company that DH wholly owned and operated from his home, and which had neither employees nor independent assets. DBL served to receive and transfer cash from the Judgment-Debtors. Once the Plaintiff obtained summary judgment against DBL for its part in the Hill Family's fraudulent conveyances scheme, David Hill withdrew the remaining funds from DBL's bank account and caused DBL to file a bankruptcy petition.

5

20. On August 14, 2015, the Plaintiff filed a complaint in the New York State Supreme Court (New York County) against the Debtor, DBL, and the rest of the Hill Family asserting causes of action for, *inter alia*, fraudulent conveyances. *See 624 Art Holdings, LLC v. David Hill, et al.*, No. 652835/2015 (Sup. Ct. New York County, 2015). Whereas discovery in the Fraud Case revealed a broader picture of the Hill Family's network of companies and over twenty-nine bank accounts associated with them, all of which were opened for the sole purpose of evading collection efforts, AHL moved to amend its complaint to expand the amount it sought to avoid in fraudulent conveyances over the Debtor's objections. Justice Anil C. Singh (presiding over the Fraud Case at the time) granted AHL's motion to amend to include claims encompassing these transfers. *See* **Exhibit D** (Amended Complaint in the Fraud Case).

21. As relates to the Debtor's extractions of cash from BHG, AHL alleged, *inter alia*:

> D.H. knowingly withdrew and personally received over $777,000.00 from BHG's corporate bank account by likewise disguising the underlying transfers as ostensible loan repayments. …. Yet, upon information and belief, D.H. never actually entered into any loan agreements with BHG. Thus, D.H. diverted from BHG at least $116,754.00 in 2008, $44,384.00 in 2009, $90,000.00 in 2010; $481,750.00 in 2011; $41,700.00 in 2012; and $2,611.00 in 2013.

**Ex. D**, at ¶¶40-41.

22. The Debtor would subsequently admit that there were no specific terms, interest, or documentation of the supposed loans. Further, the Debtor's accountant admitted under oath that the Debtor did not make loans to BHG during this time period. Even if the loans were genuine—which they were not—DH could not explain why he was given priority in payments over BHG's other, *legitimate* creditors.

23. Thus, the Debtor falsely represented and concealed the nature of his receipts of cash from the Judgment-Debtor by pretending that they were "loan repayments" when they were outright cash withdrawals that enriched David Hill to

6

AHL's (and BHG's) detriment. As would be found by the State Court on summary judgment, the transfers from BHG to David Hill were fraudulent conveyances.

24.     In addition to receiving funds from BHG, David Hill was also receiving cash from the other Judgment-Debtor, James Hill, during the time that AHL's claims accrued, throughout the arbitration and the concomitant lawsuit, and even during the initial stages of the Fraud Case. Thus, between 2007 and 2015, David Hill received approximately $848,775.00 in cash from this Judgment-Debtor, while James Hill claimed that he was insolvent and failed to make a single payment on the Judgment.

25.     David Hill deployed Do Buy, LLC to effectuate certain fraudulent transfers, using the shell company to receive proceeds from the sales of artworks belonging to AHL, which were stolen by James Hill and BHG. *See 624 Art Holdings, LLC v. Berry-Hill Galleries, Inc., et al.*, No. 650045/2011 (Sup. Ct., N.Y. County 2011). *See also* Ex. A (Award) & Ex. B (Judgment). As alleged and adjudged in the Fraud Case: transfers from BHG to DBL amounted to at least $51,000.00 in 2012, $75,850.00 in 2013, and $454,392.00 in 2014. Though the aforesaid transfers were also later disguised as putative "loan repayments", DBL never produced any loan agreements with BHG.

26.     On May 23, 2017, AHL filed a motion for summary judgment on the fraudulent conveyances claims against all named defendants in the Fraud Case. Approximately ten days before the oral argument on the motion, AHL discovered that, contrary to the defendants' discovery responses and statements filed in sworn affidavits, James Hill forged third-party's signatures on several bank checks in order to transfer BHG's funds to yet another undisclosed company that the Hill Family used to launder and secretly disburse cash to themselves. Long-withheld, additional documents then obtained from third parties revealed that a BHG affiliate, namely Stem Glass Global, LLC ("**SGGL**"), secretly conducted BHG's business operations and instructed clients to deposit hundreds of thousands of dollars' worth of checks for the benefit of the Judgment-Debtors into SGGL's account. As a principal of BHG, David Hill knew about the illicit, clandestine business operations of SGGL acting as BHG's alter ego—especially since David Hill himself received funds from SGGL. Indeed, it was SGGL that paid David

7

Hill's legal bills. *See* **Exhibit E** (exemplary copies of checks from SGGL to Norman B. Arnoff and Penn & Associates, each of which had served as Debtor's counsel at the time that the checks were issued).[3]

27. During this critical time (2014-2016), checks for **tens of thousands of dollars** were written to David Hill and his single-purpose entity, DBL, from SGGL's account. *See* **Exhibit F** (exemplary copies of checks from SGGL to David Hill and DBL). The scheme involving SGGL was perpetrated by the Debtor and his father to evade the Judgment-Debtors' obligations under the Judgment and distribute funds to the Hill Family in secrecy from AHL.

*David Hill is Found Liable for Fraudulent Conveyances in the Fraud Case.*

28. On August 10, 2017, the New York State Supreme Court (Ramos, J., presiding) granted AHL's motion for summary judgment against all named defendants in the Fraud Case. The court also granted AHL's motion to supplement the record on summary judgment with the evidence pertaining to SGGL. Significantly, the court justly found David Hill and DBL liable for $1,653,296.00 in fraudulent conveyances. Justice Ramos issued the court's decision and order from the bench, as recorded in the transcript of the August 10, 2017 proceedings. *See* **Exhibit C** (transcript of the proceedings). Thus, after extensive briefing and oral argument, the State Court found that AHL proved that it was damaged by the fraudulent conveyances facilitated by David Hill and the rest of the Hill Family. *Id.*

29. Immediately after being issued an adverse decision, the Debtor, through his counsel, harassed the court and litigants, accusing all of impropriety, demanding the court's recusal while alleging that the court held bias "against accountants generally", and sending multiple emails to the court demanding a reversal of the decision based on the same arguments that he repeatedly raised, and the court rejected, at the conclusion of

---

[3] David Hill has not disclosed the cash in SGGL's bank account (to the extent any remains) on his bankruptcy schedules.

8

the August 10, 2017 proceedings. (Letters on file with Plaintiff). When these maneuvers proved unsuccessful, the Debtor filed for bankruptcy.

30. Despite two years of litigation and a dispositive decision on the issue of David Hill's liability for fraud, the Debtor ostensibly seeks to conceal or avoid the $1,653,296.00 obligation to AHL stemming from DH's fraudulent misconduct. Indeed, none of the Debtor's bankruptcy filings acknowledge Justice Ramos' decision and order of August 10, 2017 finding DH liable for the <u>liquidated amount</u> of $1,653,296.00. Yet, the Debtor's liability to AHL dwarfs all other ostensible debts.

31. As a result of the Debtor's misconduct, AHL has suffered, will suffer and continues to suffer damages.

## **COUNT I**

(EXCEPTION FROM DISCHARGE PURSUANT TO 11 U.S.C. 523(a)(2)(A))

32. The Plaintiff re-alleges and incorporates each of the foregoing allegations contained in the paragraphs above as if fully set forth herein.

33. Pursuant to 11 U.S.C. § 523(a)(2)(A), a discharge under Chapter 13 of the Bankruptcy Code does not discharge an individual debtor from any debt "for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition." "False pretenses" for purposes of Section 523(a)(2)(A) is conscious deceptive or misleading conduct calculated to obtain, or deprive another of, property. "It is the practice of any scam, scheme, subterfuge, artifice, deceit or chicane in the accomplishment of an unlawful objective." *In re Kovler*, 249 B.R. 238, 259-64 (Bankr. S.D.N.Y. 2000); *In re Deutsch*, Nos. 15-13369 (MG), 16-01216 (MG), *supra*.

34. The Debtor owes $1,653,296.00 to Plaintiff (not including costs and interest). Further, the August 10, 2017 decision and order issued from the bench clearly and unequivocally acknowledge that David Hill incurred the foregoing debt to AHL through fraud, by unlawfully transferring cash and assets from AHL's Judgment-Debtors to

9

himself and his alter ego, DBL. The Debtor's consciously orchestrated conduct was found to have willfully and intentionally defrauded AHL. Thus, the State Court found David Hill liable under theories of actual fraud and constructive fraud under NY DCL §§ 273, 273-a, 274, 275 and 276.

35. Separately, documentary and testimonial evidence of cash transfers from the Judgment-Debtors to David Hill evinces that the Debtor knowingly falsified loans and other transactions in order to deceive AHL about the Judgment-Debtors' financial condition, secrete assets and cheat Plaintiff out of its entitlements under the Judgment.

36. Whereas the Debtor was found to have willingly engaged in deceptive or misleading conduct calculated to obtain the Judgment-Debtors' assets and deprive AHL of its rights and entitlements under the Judgment, and for the reasons asserted herein, the entire sum of $1,653,296.00 should be excepted from discharge pursuant to 11 U.S.C. 523(a)(2)(A).

## COUNT II

(EXCEPTION FROM DISCHARGE PURSUANT TO 11 U.S.C. 523(a)(4))

37. The Plaintiff re-alleges and incorporates each of the foregoing allegations contained in the paragraphs above as if fully set forth herein.

38. Pursuant to 11 U.S.C. § 523(a)(4), a discharge under Chapter 13 of the Bankruptcy Code does not discharge an individual debtor from any debt "for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny."

39. The Debtor is a fiduciary of BHG, and has been operating BHG in this capacity at all relevant times. At all relevant times, BHG was a fiduciary of AHL and a trustee of AHL's assets. *See* Ex. A (Award, at 4, 6-15) & Ex. B (Judgment). The Debtor abused his authority as a fiduciary in order to appropriate AHL's assets entrusted to BHG. As determined in the Fraud Case, David Hill diverted and misappropriated funds that BHG obtained from the illicit sales of AHL's artworks and/or which would have been applied toward the satisfaction of AHL's Judgment. *See, e.g., In re Seung Min Park*, No. 09-78622-dte, 2011 Bankr. LEXIS 1339, at *17 (Bankr. E.D.N.Y. Apr. 8, 2011) (finding

10

debt non-dischargeable under Section 523(a)(4) based upon State Court's findings and determinations on a default judgment motion).

40. As a direct result of David Hill's fraudulent misconduct "while acting in a fiduciary capacity" and/or embezzlement (*see* 11 U.S.C. §523(a)(4)), the Plaintiff suffered damages in the liquidated amount of $1,653,296.00.

41. By virtue of the foregoing facts and circumstances, the entire sum of $1,653,296.00 should be excepted from discharge under 11 U.S.C. 523(a)(4).

## COUNT III

(EXCEPTION FROM DISCHARGE PURSUANT TO 11 U.S.C. 523(a)(6))

42. The Plaintiff re-alleges and incorporates each of the foregoing allegations contained in the paragraphs above as if fully set forth herein.

43. Pursuant to 11 U.S.C. § 523(a)(6), a discharge under Chapter 13 of the Bankruptcy Code does not discharge an individual debtor from any debt "for willful and malicious injury by the debtor to another entity or to the property of another entity."

44. The State Court's August 10, 2017 decision and order establish that the Debtor owes $1,653,296.00 to Plaintiff (not including costs and interest), which debt was incurred through fraud, by unlawfully transferring cash and assets from AHL's Judgment-Debtors to DH and his alter ego, DBL. In making this determination, the State Court found David Hill liable under theories of actual fraud and constructive fraud under NY DCL §§ 273, 273-a, 274, 275 and 276.

45. Separately, documentary and testimonial evidence of cash transfers from the Judgment-Debtors to David Hill evince that the Debtor knowingly falsified loans and other transactions in order to deceive AHL about the Judgment-Debtors' financial condition, secrete assets and deprive the Plaintiff of its Judgment.

46. In so doing, the Debtor caused willful and malicious injury to AHL in an amount determined by the State Court to be $1,653,296.00 (without interest and costs).

47. By virtue of the foregoing, the Plaintiff's claim against the Debtor for the liquidated amount of $1,653,296.00 is non-dischargeable pursuant to Section 523(a)(6) of the Bankruptcy Code.

**WHEREFORE**, the Plaintiff respectfully requests that this Court enter a judgment in its favor and against the Debtor on all Counts asserted in this Complaint, declaring that the Debtor's debts to Plaintiff in the amount of $1,653,296.00, as decided in the Fraud Case, is excepted from discharge; and grant any such further and additional relief to Plaintiff as may be just and equitable.

Dated: New York, New York
November 13, 2017

**SAM P. ISRAEL**, **P.C.**
By: /s/ *Sam P. Israel*

Sam P. Israel, Esq. (SPI 0270)
180 Maiden Lane, 6th Fl.
New York, NY 10038
T: 46-787-9880 | F: 646-787-9886
E: admin@spi-pc.com
*Counsel for Plaintiff 624 Art Holdings, LLC*

12